**J.B. WINTERS, Respondent,**

v.

**Betty L. JENKINS, Assessor for the County of Bates, Missouri and State Tax Commission of Missouri, Appellants.**

**No. WD 44818.**

Missouri Court of Appeals,
Western District.

Jan. 21, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 3, 1992.

Ellen M. Hoelscher, State Tax Com'n, Jefferson City, for appellants.

John Logan Pursley, Butler, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

KENNEDY, Presiding Judge.

This is an appeal from a judgment of the Circuit Court of Bates County upon a real property owner's appeal from the State Tax Commission's valuation of 51 pieces of real estate in Butler, Missouri, 48 of them residential properties and three of them commercial properties.

The judgment of the circuit court set aside the State Tax Commission valuations on 50 of the 51 properties as being "unsupported by competent and substantial evidence on the whole record" and as being "arbitrary and unreasonable". The circuit court assigned his own valuations, and the State Tax Commission has appealed to this Court.

The valuations fixed by the circuit court upon review totalled, for the 51 properties, $443,150, as opposed to a total of $797,000 fixed by the State Tax Commission.

Although the appeal is from the circuit court judgment, our review is not of the circuit court judgment but is of the State Tax Commission decision. *Evangelical Retirement Homes of Greater St. Louis, Inc. v. State Tax Comm'n,* 669 S.W.2d 548, 552 (Mo. banc 1984).

On review of an administrative decision, this court is limited to a determination of whether the decision was supported by competent and substantial evidence upon the whole record, whether it was arbitrary, capricious or unreasonable, or whether the commission abused its discretion. (Citation omitted). The evidence must be considered in a light most favorable to the administrative body, together with all reasonable inferences which support it, and if the evidence would support either of two opposed findings, the reviewing court is bound by the administrative determination. (Citation omitted). *Hermel, Inc. v. State Tax Comm'n,* 564 S.W.2d 888, 894 (Mo. banc 1978).

"A presumption exists in favor of the correctness of the valuation of the tax assessor." *Id.* at 894. The State Tax Commission decision was supported by substantial and competent evidence upon the whole record. It was not arbitrary or unreasonable.

The January 1, 1986, valuations being challenged by the property owner were fixed initially by the county assessor, Betty L. Jenkins, and her staff. Although the parties' briefs say the Board of Equalization accepted the assessor's valuations the legal file contains some indication that on thirty of the 51 properties, the valuations were lowered upon the property owner's appeal to the County Board of Equalization. *See* §§ 138.060–.070, RSMo 1986. The State Tax Commission affirmed the valuations as corrected by the Board of Equalization.

The brief of neither of the parties discusses any particular property, but deals with the entire package as one. Necessar-

ily they deal in generalities. The Commission had before it, however, the assessor's records with respect to each individual tract, as well as oral testimony.

To arrive at value of improvements, the assessor testified that her office used the Hunnicutt Mass Appraisal System, which begins with the cost of an improvement, then adjusts that cost by a number of factors. The Hunnicut Mass Appraisal System has the approval of the State Tax Commission. The cost of new construction is determined by ongoing inquiries to builders. From this is deducted physical depreciation; functional depreciation (absence of heating system, for example); economic obsolescence; and state of repair. To the value of the improvement was added the value of the lot on which the improvement was located. Location of the respective properties affects the value both of the lot and the improvement. Undesirable features, such as low-lying lot, are accounted for, as well as the character of the surrounding neighborhood.

In addition to the cost approach of the Hunnicutt System, the assessor's valuations took into account sales of comparable properties. Included in the assessor's record was one sale of comparable property for each of the subject properties, with a photograph both of the subject property and the comparable property.

The property owner's own testimony and that of his expert witnesses placed a lower valuation on the property than did the assessor and her witnesses, who were members of her staff. The Commission chose to accept the valuations of the assessor and her witnesses. We are unable to say it did so unreasonably or arbitrarily. The Commission's decision was supported by competent and substantial evidence upon the whole record.

The judgment of the circuit court is reversed, and the decision of the State Tax Commission is reinstated.